```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                    GALVESTON DIVISION


FRANCES MENDOZA, et al.,        §
                                §
    Plaintiffs,                 §
                                §
v.                              §    CIVIL ACTION NO. G-13-60
                                §
TEXANA CENTER, et al.,          §
                                §
    Defendants.                 §
```

## **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are (1) Defendant Matagorda County's Motion to Dismiss or for a More Definite Statement (Doc. 8) and Supplemental Motion to Dismiss (Doc. 13); and (2) Defendants Texana Center MHMR,[2] Bay City Mental Health Clinic ("Texana Center") and George Patterson's ("Patterson") Motion to Dismiss or for a More Definite Statement (Doc. 11). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Matagorda County, Texana Center, and Patterson's (collectively "Defendants") motions to dismiss be **GRANTED**.

### I. Case Background

This civil rights lawsuit arises from the suicide of Andrew Mendoza ("Mendoza") on March 4, 2011, when Mendoza was in the

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 14.

[2] MHMR is an abbreviation of Mental Health and Mental Retardation.

custody of Matagorda County Jail ("the jail").[3]

## A. Factual Background

Mendoza was arrested on December 9, 2010, and told arresting officers that he intended to kill himself.[4] Mental health screening conducted at the jail, along with a consultation with Texana Center, "revealed that [he] was suffering from current suicidal tendencies, had previously been diagnosed to have suicidal tendencies, had attempted to commit suicide[,] and was in serious need of mental health support services."[5]

Nonetheless, Mendoza was booked into a regular jail cell and was not placed on suicide watch.[6] Mendoza again made suicidal statements to jail staff on January 14, 2011, was moved to a protective cell at the jail, and was placed on suicide watch.[7] At a later time prior to March 4, 2011, Mendoza was taken off suicide watch and was returned to a regular cell, where he committed suicide "shortly" thereafter.[8]

## B. Procedural Background

Plaintiffs, who consist of Mendoza's mother, his father, and

---

[3] See Doc. 1, Pl.'s Compl.

[4] Doc. 1, Pl.'s Compl. ¶ 11.

[5] Id. ¶¶ 11, 13.

[6] Id. ¶ 11.

[7] Id. ¶ 12.

[8] Id.

2

Laurie Ann Mendoza as next friend for Mendoza's minor children (collectively "Plaintiffs"), initiated this action pursuant to 42 U.S.C. § 1983[9] ("Section 1983") against Defendants,[10] alleging that Defendants violated Mendoza's constitutional rights during his detention by failing to provide him with medical attention sufficient to prevent his suicide.

Plaintiffs filed the complaint on March 4, 2013.[11] Plaintiffs did not request that summonses be issued until June 4, 2013.[12] Matagorda County, Texana Center, and Patterson were each served process on June 20, 2013.[13] Matagorda County filed its pending motion to dismiss on July 11, 2013,[14] and Texana Center and Patterson filed their pending motion to dismiss on July 24, 2013.[15]

Matagorda County then filed a supplemental motion to dismiss

---

[9] Plaintiffs mention state law claims but list none. See Doc. 1, Pl.'s Compl. ¶ 1.

[10] Plaintiffs' complaint identifies different defendants in the caption, opening sentence, and statement of parties. The court relies on the "Parties" section as the definitive identification of the parties. See Doc. 1, Pl.'s Compl. ¶¶ 2-8. Although Plaintiffs named then-sheriff of Matagorda County Gary Mathis as a defendant in the statement of parties, they did not attribute any specific actions to him and did not request that a summons be issued to him. See generally Doc. 1, Pl.'s Compl. Plaintiffs do not name Matagorda County Judge Nate McDonald as a defendant but list him as the proper individual to receive service on behalf of Matagorda County. See id. ¶ 5. Neither Gary Mathis nor County Judge Nate McDonald are parties to this case. To the extent necessary for clarification and case management, the court **RECOMMENDS** that Gary Mathis and Judge Nate McDonald be **DISMISSED**.

[11] See Doc. 1, Pl.'s Compl.

[12] See Docs. 4-6, Returns of Service.

[13] See id.

[14] Doc. 8, Matagorda Cnty.'s Mot. to Dismiss.

[15] Doc. 11, Texana Ctr. & Patterson's Mot. to Dismiss.

on July 29, 2013.[16]  Texana Center and Patterson filed a supplement and suggestion of non-opposition to their motion to dismiss on August 21, 2013.[17]  Plaintiffs did not respond or seek additional time to respond to any of Defendants' motions.

## II.  Legal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550

---

[16]    Doc. 13, Matagorda Cnty.'s Supplemental Mot. to Dismiss.

[17]    Doc. 19, Texana Ctr. & Patterson's Supplemental Mot. to Dismiss.

U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

### III. Analysis

Defendants' pending motions to dismiss raise several legal challenges to Plaintiffs' complaint, including lack of standing and failure to state a claim. The court addresses these two issues in turn.

**A. Standing**

Defendants challenge Plaintiffs' standing to bring this Section 1983 wrongful death lawsuit.

Pursuant to 42 U.S.C. § 1988, a party must have standing under the appropriate state common law to bring a claim under Section 1983. See Pluet v. Frasier, 355 F.3d 381, 383 (5th Cir. 2004) (citing Rhyne v. Henderson Cnty., 973 F.2d 386, 390-91 (5th Cir. 1992)). Here, the Texas Wrongful Death Statute ("the wrongful death statute"), provides a cause of action for the benefit of surviving spouses, parents, and children.[18] See id. at 384; Tex. Civ. Prac. & Rem. Code § 17.004(a). As Mendoza's parents and children, Plaintiffs are within the class of people entitled to

---

[18] While Plaintiffs' complaint does not specifically cite the Texas wrongful death statute, it clearly requests recovery for damages that Plaintiffs are entitled to recover under that statute. See Doc. 11, Texana Ctr. & Patterson's Mot. To Dismiss ¶¶ 16-17.

recover in a wrongful death action related to Mendoza's death.[19] See Tex. Civ. Prac. & Rem. Code § 17.004(a).

Defendants argue that Plaintiffs nevertheless do not have standing, citing a portion of the wrongful death statute that provides as follows:

> If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.[20]

Defendants contend that this provision requires that, should surviving parents or children fail to begin a wrongful death action within three months after the death, only an estate executor may do so.[21] The plain language of the statute does not support that reading, and Defendants cite no case law supporting their position.

Defendants also contend that Plaintiffs lack standing because certain requirements of the Texas Survival Statute ("the survival statute") have not been met.[22] Tex. Civ. Prac. & Rem. Code § 71.021. The survival statute differs from the wrongful death statute in that recovery in a survival action is based on injuries that the decedent personally suffered and belongs to the estate

---

[19] Doc. 1, Pl.'s Compl. ¶¶ 2-3.

[20] Tex. Civ. Prac. & Rem. Code. § 71.004(c)

[21] Texana Center and Patterson first raise this challenge to standing in their motion to dismiss. See Doc. 11, Texana Ctr. & Patterson's Mot. to Dismiss ¶¶ 15-17. Matagorda County joins in the argument by supplemental motion to dismiss. See Doc 13, Matagorda Cnty.'s Supplemental Mot. to Dismiss ¶¶ 8-11.

[22] Doc. 11, Texana Ctr. & Patterson's Mot. to Dismiss ¶ 16-17.

itself, whereas a wrongful death action derives from injuries that the surviving parents, children, or spouse individually suffered because of the decedent's death. Pluet, 355 F.3d at 384; Tex. Civ. Prac. & Rem. Code §§ 71.004(a), 71.021(b); see also Brown v. Edwards Transfer Co., Inc., 764 S.W.2d 220, 222-223 (Tex. 1988). The survival statute is not implicated in this case because Plaintiffs sue only for their own injuries.

Because Plaintiffs are within the class of people entitled to bring a wrongful death action for the death of Mendoza, the court finds that Plaintiffs have standing to sue in their individual capacities.

B. **Failure to State a Claim**

The court first addresses the claims brought against the governmental entities and then those brought against Patterson individually.

1. **Claims Against Matagorda County and Texana Center**[23]

In order to assert a Section 1983[24] claim against a government

---

[23] Texana Center assumes, without explanation, that it is a governmental entity subject to Section 1983. The court explicitly does not make a finding with regard to this point. If Texana Center is not a governmental entity, it is not subject to claims under Section 1983; if it is, it is entitled to summary judgment on those claims for the reasons explained herein.

[24] 42 U.S.C. 1983 provides, in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

7

entity, a plaintiff must identify an official policy or custom that is responsible for the deprivation of a constitutionally or federally protected right. See Bennett v. City of Slidell, 728 F.2d 762, 766 (1984)(citing Monell v. Department of Social Services, 436 U.S. 458, 694 (1978)). A governmental entity will not be liable under Section 1983 for the actions of its employees on a theory of respondeat superior. See id. An official policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, ___ U.S. ___, 131 S.Ct. 1350, 1359 (2011). "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy" as required for governmental liability under Section 1983. Bennett, 728 F.2d at 768 n.3 (internal citation omitted).

As the court understands the complaint, Plaintiffs allege a violation of Mendoza's Fourteenth Amendment due process rights[25] based on Defendants' alleged failure to provide Mendoza with medical care sufficient to prevent his suicide while in custody.[26] "The failure to provide pre-trial detainees with adequate protection from their known suicidal impulses is actionable under

---

[25] While Plaintiffs' complaint cites the Fourth Amendment, the actual constitutional basis for their claims is the Fourteenth Amendment. See Doc. 1, Pl.'s Compl. ¶ 21.

[26] See Doc. 1, Pl.'s Compl. ¶¶ 16-17.

§ 1983 as a violation of the detainee's constitutional rights." Rhyne, 973 F.2d at 391. Plaintiffs may not prevail against the governmental entities, however, merely by showing that jail staff members failed to provide adequate medical care. See Rhyne, 973 F.2d at 392. Instead, Plaintiffs must show that Defendants violated Mendoza's rights pursuant to an official government policy. See id.

Plaintiffs allege that Defendants (1) adopted unconstitutional customs; (2) failed to adopt adequate policies; and (3) failed to adequately train jail staff. Specifically, the complaint states that Defendants "sanctioned the custom, practice and/or policy or procedures of:"

> 1) Ignoring the serious medical needs of those entrusted to their care based either on expedience or ignorance to the consequences[;] 2) Failing to discipline those persons whom [sic] are found to have ignored the medical needs of such individuals[;] 3) Failing to adequately supervise and/or observe their inmates/detainees/ arrestees[;] 4) Failing to provide adequate man power to supervise and/or observe inmates/detainees/arrestees[;] 5) Failing to provide adequate staff to handle situations stemming from the medical needs of inmates/detainees/arrestees[;] [6)] Failing to act in compliance with and failing to enforce the policy (of both the Matagorda County Jail and Texas Jail Standards) requiring visual 'checks[;]' and [7)] Failing to train and/or discipline those employees whom [sic] are found to have violated any of the above-noted policies."[27]

Plaintiffs allege that the above acts or omissions constitute a

---

[27] Doc. 1, Pl.'s Compl. ¶ 25. In the original item six in this list, Plaintiffs alleged a failure to adopt a policy, which is addressed below.

pattern so widespread that it may be considered a policy.[28]

A complaint's "description of a policy or custom and its relationship to the constitutional violation . . . cannot be conclusory; it must contain specific facts." Spiller v. City of Tex. City, 130 F.3d 162, 167 (5th Cir. 1997). The alleged customs listed by Plaintiffs are merely conclusory, devoid of specific factual support. Although Plaintiffs allege that Defendants were aware of "numerous prior incidents" where Defendants ignored policies, the complaint cites none.[29] The only specific facts recounted in the complaint are those relating to Mendoza's experience prior to his suicide, which is an insufficient basis to support the plausible inference that a custom existed. See Von Eschen v. League City Tex., 233 F.3d 575 (table), No. 00-20059, 2000 WL 1468838, at *1 (5th Cir. Sept. 8, 2000)(unpublished)(affirming dismissal of Section 1983 claim based on an alleged custom where the complaint included only conclusory allegations of a "policy" based only on the plaintiff's experience with the defendant); Huff v. Refugio Cnty. Sheriff's Dep't, Civil Action No. 6:13-CV-00032, 2013 WL 5574901, slip op. at *5 (S.D. Tex. Oct. 9, 2013) (dismissing Section 1983 claim against county where plaintiff generally pleaded that the defendant "turned a blind eye" to constitutional violations, constituting a county

---

[28] Id.

[29] Id.

policy or custom); <u>Vouchides v. Houston Cmty. Coll. Sys.</u>, No. H-10-2559, 2011 WL 4592057, at *13-14 (S.D. Tex. Sept. 30, 2011)(unpublished)(internal quotation marks omitted)(dismissing Section 1983 suit where plaintiff pleaded a "single instance of unconstitutional activity" along with prior incidents of insufficiently similar acts).

Plaintiffs also allege that Defendants failed to "adopt clear policies outlining the criteria for determining, relaying and/or treating the medical (mental and otherwise) needs of inmates/detainees/arrestees."[30]  When an allegation concerns a failure to adopt a policy, "such omission must amount to an intentional choice, not merely an unintentionally negligent oversight."  <u>Rhyne</u>, 973 F.2d at 392.  To be considered an intentional choice, a government's failure to adopt a policy must have been "deliberately indifferent" to the obvious likelihood that not adopting the policy would result in a deprivation of constitutional rights.  <u>Id.</u>  (citing <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 390 (1989)).  "Deliberate indifference of this sort is a stringent test, and a showing of simple or even heightened negligence will not suffice to prove municipal culpability." <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 579 (5th Cir. 2001) (internal quotation marks omitted).

Plaintiffs' argument that Defendants failed to adopt clear

---

[30]   <u>Id.</u>

policies fails for the same reason that their first argument fails. The mere conclusory allegation that Defendants failed to adopt an unidentified policy, without specific factual support, is insufficient to indicate the plausibility of Defendants' having failed to adopt a needed policy and that they did so intentionally.

Plaintiffs further allege that Defendants failed to adequately train jail staff. While failure to properly train employees may be considered a policy, it is not enough "to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct." City of Canton, Ohio, 489 U.S. at 391. Instead, a plaintiff must identify a particular deficiency in a training program that is closely related to the unconstitutional injury in order for liability to attach for failure to adequately train. Id. Plaintiffs' complaint does not identify any deficiency in the jail staff's training program. Because Plaintiffs do not provide even the minimal facts to indicate that Defendants' training program was inadequate, this allegation cannot survive Defendants' motion to dismiss.

In sum, Plaintiffs' complaint lacks facts sufficient to evidence a custom or practice that amounts to an official policy. Accordingly, Plaintiffs' claims are insufficient to support a Section 1983 action against Matagorda County or Texana Center and should be dismissed.

12

### 2. Claims Against Patterson

To hold a government official liable in his or her individual capacity under Section 1983, a plaintiff must allege facts sufficient to show that the official, "through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Plaintiffs allege that Patterson "acted with deliberate indifference to Mendoza's serious medical needs by not having him transferred to a proper medical/psychological facility where he could be properly supervised and cared for in such a way to prevent his death and not having him kept on continual suicide watch during his incarceration."[31] Plaintiffs do not, however, allege that Patterson made the decision denying Mendoza's transfer or even participated in the decision-making process. Because Plaintiffs have failed to allege that Patterson took any specific action with respect to Mendoza, Plaintiffs' claims against Patterson should be dismissed.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motions to dismiss each be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto

---

[31] Doc. 1, Pl.'s Compl. ¶ 16.

13

pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this <u>16th</u> day of January, 2014.

_____
Nancy K. Johnson
United States Magistrate Judge